**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

RICHARD LARRY SELF, AKA Richard
Self,

        Defendant - Appellant.

</td><td>

No. 11-10128

D.C. No. 3:10-cr-08036-DGC-1

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 6, 2012[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, CALLAHAN, Circuit Judge, and KORMAN,
Senior District Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Richard Self was convicted of three counts of transporting child pornography and three counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), (a)(5)(B), and 2256. Before trial, Self moved to suppress all evidence discovered at his home and in his semi-truck on the grounds that the information used to obtain the search warrant was stale and insufficient to establish probable cause. The district court denied Self's motion and, after trial, imposed a 135-month sentence. Self appeals the denial of his motion to suppress and challenges his sentence as procedurally erroneous and substantively unreasonable. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.[1]

We review the district court's denial of a motion to suppress de novo and the magistrate's factual findings for clear error. *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (internal quotation marks and alterations omitted). We review a district court's sentence for reasonableness. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

---

[1] Because the parties are familiar with the facts and procedural history we do not restate them here except as necessary to explain our decision.

**1.** In *United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997), we held that an affidavit similar to the one at issue here provided non-stale information despite a ten-month lapse between the first lead and the issuance of the search warrant. We reached this conclusion because the affidavit specifically outlined the characteristics of child pornographers to retain their collections for long periods of time. *Id.* at 745-46; *accord United States v. Gourde*, 440 F.3d 1065, 1072 (9th Cir. 2006) (en banc) ("Collectors act like 'pack rats' because they have difficulty obtaining images of child pornography."). Here, the affidavit described not only these characteristics of child pornography acquirers, but also the ability to recover information from a computer months or even years after it was first viewed or downloaded. *Cf. Lacy*, 119 F.3d at 746.

Other federal circuits have extended the temporal component of *Lacy* to cover longer lapses due to these same factors. *See United States v. Allen*, 625 F.3d 830, 842 (5th Cir. 2010) (eighteen-month-old information is not stale); *United States v. Lemon*, 590 F.3d 612, 614-15 (8th Cir. 2010) (same); *United States v. Frechette*, 583 F.3d 374, 378-79 (6th Cir. 2009) (sixteen months is not stale); *United States v. Newsom*, 402 F.3d 780, 783 (7th Cir. 2005) (one year is not stale). We agree with their well-reasoned analyses based on *Lacy*, and hold that a fourteen-month lapse does not render the information in this case stale.

3

Although Self contends that this case is more akin to *United States v. Weber*, 923 F.2d 1338 (9th Cir. 1990), the key distinction is the nature of the storage device. Whereas *Weber* involved a mail package with printed photographs, this case, like *Lacy*, involves electronic images stored on a computer, which is capable of retaining material for months or even years after it has been viewed. Self also asserts that the information in the affidavit underlying the search warrant was insufficient to establish probable cause. However, the search warrant was based on sufficient information provided in the detailed affidavit, and the additional facts Self contends were lacking were unnecessary.

The second search warrant was based upon evidence discovered during the first search. If the first search was valid, this evidence was sufficient to establish probable cause for the second warrant. Because we hold that the first search warrant was valid, we also hold that the district court did not err in denying Self's motion to suppress evidence obtained from the second warrant.[2]

**2.** In analyzing the reasonableness of Self's sentence, we must first determine if the district court committed procedural error, then ascertain whether the sentence was substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51

---

[2] Because we hold that the information was not stale, we do not reach the issue of whether the good faith exception applies under *United States v. Leon*, 468 U.S. 897 (1984).

(2007). The district court did not commit procedural error where it heard Self's arguments, denied a motion for downward departure that included most of his arguments, and thoroughly explained its reasons for giving a within-Guidelines sentence. Moreover, "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). There is nothing to indicate that the district court did not understand its discretion to depart from the applicable Guidelines range under *Kimbrough v. United States*, 552 U.S. 85 (2007).

Self's sentence, which was at the low end of the Guidelines range, is substantively reasonable under the totality of the circumstances, including his failure to accept responsibility and lack of unique mitigating factors. *See Gall*, 552 U.S. at 51; *Carty*, 520 F.3d at 996. Thus, the district court imposed a reasonable sentence.

**AFFIRMED.**